1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

PAUL SAMUEL JOHNSON,

       Petitioner,

    v.

LAZANO,

       Respondent.

No.  2:20-CV-2038-KJM-DMC-P

FINDINGS AND RECOMMENDATIONS
<u></u>

       Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the Court is Petitioner's petition for a writ of habeas corpus, ECF No. 1.

       Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  In the instant case, it is plain that Petitioner is not entitled to federal habeas relief.

       In his petition, Petitioner alleges he has "major enimie [sic] concerns at C.M.F. [the California Medical Facility]."  Petitioner states that prison staff like to torment him by denying his transfer to another facility.  Petitioner also vaguely alleges a failure to protect. Petitioner raises no issues relating to his underlying conviction.

/ / /

1

When a state prisoner challenges the legality of his custody – either the fact of confinement or the duration of confinement – and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is cognizable in a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam).  Where a prisoner challenges the conditions of confinement, as opposed to the fact or duration of confinement, his remedy lies in a civil rights action under 42 U.S.C. § 1983.  See Rizzo v. Dawson, 778 F.2d 527, 531-32 (9th Cir. 1985); see also Skinner v. Switzer, 131 S.Ct. 1289, 1298-99 n.13 (2011) (stating that ". . .when a prisoner's claim would not 'necessarily spell speedier release,' that claim does not lie at 'the core of habeas corpus' and may be brought, if at all, under § 1983").   Any claim that does not necessarily shorten an inmate's incarceration, if successful, falls outside the scope of habeas jurisdiction. See Blair v. Martel, 645 F.3d 1151, 1157-58 (9th Cir. 2011); see also Wilkerson v. Wheeler, ____ F.3d ____, 2014 WL 6435496 (9th Cir. 2014) (discussing loss of good-time credits); Nettles v. Grounds, 788 F.3d 992 (9th Cir. 2015) (discussing loss of good-time credits).  Thus, 28 U.S.C. § 2254 cannot be used to challenge the conditions of confinement, and 42 U.S.C. § 1983 cannot be used to challenge the fact or duration of confinement.

When a habeas corpus action is filed which states claims cognizable under § 1983, the district court may recharacterize the action as a civil rights action where the action is amenable to such recharacterization.  See Nettles v. Grounds, 830 F.3d 922, 936 (9th Cir. 2016) (en banc).  A habeas action is amendable to recharacterization when it names the correct defendants and seeks the correct relief.  See id.  If the district court is inclined to recharacterize a habeas action as a civil rights action, it may only do so after "notifying and obtaining informed consent from the prisoner."  Id.

Here, Petitioner's claims sound in civil rights, not habeas, because he complains of the conditions of confinement at the California Medical Facility and not the fact or duration of his confinement.  The Court does not recommend recharacterizing the petition as a civil rights action because Petitioner names the warden of Coalinga State Hospital and not the individuals allegedly

1  responsible for deficient prison conditions at the California Medical Facility.

2          Based on the foregoing, the undersigned recommends that Petitioner's petition for

3  a writ of habeas corpus, ECF No. 1, be summarily dismissed without prejudice to any relief

4  Petitioner may be able to seek under 42 U.S.C. § 1983.

5          These findings and recommendations are submitted to the United States District

6  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

7  after being served with these findings and recommendations, any party may file written

8  objections with the court.  Responses to objections shall be filed within 14 days after service of

9  objections.  Failure to file objections within the specified time may waive the right to appeal.  See

10  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

11

12  Dated:  August 4, 2021

13                                               _____
                                               DENNIS M. COTA
14                                               UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28